NITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JIBRIL L. IBRAHIM, | Case No. 07-13528 |
| Plaintiff, | Bernard A. Friedman<br>U.S. District Judge |
| vs. | Michael Hluchaniuk<br>U.S. Magistrate Judge |
| MACOMB COUNTY GOVERNMENT<br>AND BOARD OF COMMISSIONERS, | |
| Defendants. | |

**REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION TO DISMISS, AND TO *SUA SPONTE* DISMISS COMPLAINT
BASED ON: (1) LACK OF SUBJECT MATTER JURISDICTION;
AND (2) APPLICATION OF THE "THREE STRIKES" RULE**

**I.    PROCEDURAL HISTORY**

The present complaint was filed on August 22, 2007 by plaintiff Jibril L. Ibrahim, a prisoner in the custody of the federal government, at a location in the State of Indiana.  (Dkt. # 1).  In that complaint, plaintiff seeks damages against the Macomb County Board of Commissioners and the "Macomb County Government" based on allegations that he was denied his right of access to the Macomb County Circuit Court under the United States Constitution.

1

Plaintiff sought to proceed under the provisions of 28 U.S.C. § 1915(a), which allows a party with pauper status to file a complaint without payment of customary court fees. (Dkt. # 2). He was granted the ability to proceed *in forma pauperis* by order dated October 18, 2007. (Dkt. # 3).

Counsel appeared on behalf of defendants by filing a Motion to Dismiss on November 28, 2007, addressing the merits of plaintiff's complaint. (Dkt. # 9). Plaintiff filed a response on December 26, 2007. (Dkt. # 12).

On September 20, 2007, an order was entered referring the case to Magistrate Judge Paul J. Komives for all pretrial matters. (Dkt. # 10). On January 14, 2008, this case was reassigned from Magistrate Judge Komives to the undersigned. (Dkt. # 13).

It appears that the Motion To Dismiss filed by defendants (Dkt. # 9) can be decided without further information or arguments from the parties and, **IT IS RECOMMENDED** that defendants' Motion To Dismiss be **DENIED**, but that this matter should be **DISMISSED** for lack of subject matter jurisdiction and based on the "three strikes" rule, for the reasons set forth below.

## II. STATEMENT OF FACTS

### A. Plaintiff's Previous Related Lawsuit

By way of background, plaintiff regularly files lawsuits under another name, Grant Anderson. Plaintiff, as Grant Anderson,[1] filed a related lawsuit in this District in 2002, captioned *Grant Anderson v. Cader Publishing Ltd. et al.*, Case No. 02-74217, asserting federal copyright and trademark claims and various state law claims. *Anderson v. Cader* was assigned to District Judge Avern Cohn. The parties filed cross-motions for summary judgment and Magistrate Judge Donald A. Scheer recommended that the defendants' motion for summary judgment be granted and that plaintiff's motion be denied. (02-74217, Dkt. # 38). Judge Cohn adopted the report and recommendation of Magistrate Judge Scheer and entered an order dismissing the matter in its entirety. (02-74217, Dkt. # 39, 40).

Plaintiff appealed and the Sixth Circuit affirmed the dismissal of the federal claims on the merits but vacated the judgment with respect to the state law claims.

---

[1] As noted by the Sixth Circuit when this matter was appealed, "[a]lthough Grant Anderson ('Anderson') is the only name listed in the caption, Anderson has identified himself at different points as 'Jibril L. Ibrahim,' 'Jibril Luqman Ibrahim,' and 'Jibril Lugman Ibrahim.'" *Anderson v. Cader Publishing, Ltd.*, 151 Fed.Appx. 363, 364 n. 1 (6th Cir. 2005). Plaintiff's prisoner number in *Anderson v. Cader* is identified as 08587007, the same number that is listed on the docket in the instant matter.

(2-74217, Dkt. # 46). The Sixth Circuit concluded that the lower court should not have dismissed the state law claims for lack of subject matter jurisdiction, but rather, must determine whether it should exercise its discretionary supplemental jurisdiction over those claims. *Id.* On remand, Magistrate Judge Scheer recommended that the court decline to exercise supplemental jurisdiction over the state law claims, which recommendation was adopted by Judge Cohn. (02-74217, Dkt. # 51, 52). Plaintiff appealed again, and the decision was affirmed on October 10, 2006. (02-74217, Dkt. # 53, 56).

As described in plaintiff's response to the Motion to Dismiss, it appears that he attempted to file those state law claims in the Macomb County Circuit Court sometime in the summer of 2006. (Dkt. # 12, Ex. 4). The Circuit Court Clerk's office rejected plaintiff's filing via letter dated July 24, 2006 stating that "our offices are forbidden by law to provide any legal advise [sic]. Damages filed in the circuit court must be $25,000 or more. You will need to contact an attorney for questions regarding filing and procedure." (Dkt. # 12, Ex. 1).

Plaintiff apparently attempted to re-file his lawsuit in the Macomb County Circuit Court and again it was rejected, although for different reasons. According to the January 3, 2007 letter from the Circuit Court Clerk's office, plaintiff had failed to include a case number, did not pay a filing fee, failed to assign a case

4

code, failed to state whether prior actions existed, failed to include a summons, and did not include the title "Complaint" on his filing. (Dkt. # 12, Ex. 2).

Plaintiff attempted to re-file a third time and the Circuit Court Clerk's office again rejected his filing on March 14, 2007, stating:

> The Clerk's office is not denying you access to the courts, we are unable to file your case as presented for the following reasons: If you wish to be considered for a fee waiver in this matter because you are incarcerated, it is necessary to re-submit this paperwork along with a certificate of your prisoner account. Your case will then be reviewed and a determination will be made via a court order that you will receive back in the mail. The order will either grant an entire fee waiver, allow for partial payments, or may be denied. Once the fee waiver is addressed and returned to you, you will then need return [sic] the case with partial fee, full fee, or no fee dependent upon the order that was signed and returned to you. You will then need to present the case for filing. When you present the case for filing, per MCR 8.117, it is your responsibility as the plaintiff to affix a case type code to the case. You can find a list online at the Michigan State Court Administrator's office website. Our office has an obligation to follow the court rules and must return your filing of a new case if the case type code is absent. Also, per MCR 2.113[C]2, [sic] upon filing of a complaint it is also your responsibility to specify whether a prior action exists. In addition, if all above criteria is met, our office will not return your case if there is an absence of a summons to be issued, but I must let you know that our office does not prepare them, therefore, if you do not prepare and submit a summons to be issued, our office will not prepare one for you.

(Dkt. # 12, Ex. 3). There is nothing in the record before this Court indicating that plaintiff filed a fee waiver application with the state court or appealed the actions of the Macomb County Circuit Court. Plaintiff then filed this lawsuit on August 22, 2007, claiming that the Macomb County Board of Commissioners and the "Macomb County Government" interfered with his constitutional right to access the courts.

      B.     <u>Defendants' Motion to Dismiss and Plaintiff's Response</u>

Defendants moved for dismissal of plaintiff's complaint for several reasons. First, defendants assert that plaintiff fails to state a claim because he did not plead the appropriate jurisdictional amount in the Macomb County Circuit Court action. Thus, the state court did not have jurisdiction and the complaint was properly rejected. (Dkt. # 9, pp. 4-7). In this vein, defendants further argue that plaintiff's claim for "punitive" damages in the state court action is barred under Michigan contract law and thus, plaintiff cannot use this amount to satisfy the jurisdictional minimum. *Id.*[2] Second, defendants argue that plaintiff's complaint is frivolous because defendants do not have authority to hire, train, or supervise the Circuit Court Clerk or employees of the Clerk's office. *Id.* at 7-8. Third, defendants argue

---

[2] The undersigned offers no opinion regarding the propriety of the circuit court clerk's office making such determinations on questions of law.

6

that plaintiff has pointed to no authority to support his contention that the Macomb County Circuit Court was required to provide him with any legal assistance to pursue his breach of contract and fraud claims against third-parties and thus, his denial-of-access claim must fail as a matter of law. *Id*. at 8-10.

In response, plaintiff claims that he properly pleaded the jurisdictional amount in the underlying action because attorney fees and punitive damages are permitted under federal law.[3] (Dkt. # 12, pp. 2-3). Plaintiff also argues that if his complaint failed to allege the proper jurisdictional amount for circuit court, the proper course of action under the Michigan Court Rules would have been to transfer the matter to the state district court, not to reject the complaint out of hand. *Id*. at 3. Plaintiff also argues, in a conclusory fashion, that the "Government" is responsible for the acts of its elected officials and therefore, defendants are responsible for the acts of the Macomb County Circuit Court Clerk's office. *Id*. at 4. Lastly, plaintiff claims that defendants were obligated under well-established case law to assist him in preparing and filing his legal papers and also had a duty to permit him to file such papers without interference. *Id*. at 5. Plaintiff offers no

---

[3] Of course, plaintiff's federal claims were dismissed with prejudice in Case No. 02-74217.

explanation regarding why he did not apply for a fee waiver or try to correct any other perceived errors.

## III. ANALYSIS

### A. Standard of Review.

In determining whether the district court has subject matter jurisdiction of a claim under Rule 12(b)(1), the district court must assume that plaintiff's allegations are true and must construe the allegations in a light most favorable to him. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134-35 (6th Cir. 1996). Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction. *Id.*; *see also United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

Subject matter jurisdiction can and should be raised by the court *sua sponte*. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004), citing, *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*); Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

B. This Court is Without Subject Matter Jurisdiction Over Plaintiff's Complaint.

This Court is without jurisdiction to consider the merits of plaintiff's complaint or defendants' defenses because both parties improperly ask this Court to pass on the propriety of the state court's actions. The *Rooker-Feldman*[4] doctrine prohibits federal courts, other than the United States Supreme Court, from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citations omitted). Recently, the Supreme Court explained that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments ... and inviting district court review and rejection of those judgments." *Exxon Mobil Corp., v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Supreme Court held that the "crucial question" in determining whether the *Rooker-Feldman* doctrine bars a federal suit is whether the proceedings in the

---

[4] The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

9

state court were "judicial in nature" versus "legislative in nature." *Exxon-Mobil*, 544 U.S. at 285, citing, *Feldman*, 460 U.S. at 476. The Supreme Court explained this dichotomy using the facts from *Feldman*, in which the plaintiffs sought review of a state court decision to deny their application for admission to the bar without having attended an accredited law school. In this respect, the Supreme Court explained, the state court acted "judicially" and the federal court was without jurisdiction to review its decision. *Exxon-Mobil*, 544 U.S. at 286, citing, *Feldman*, 460 U.S. at 479-482. But, with respect to the promulgation of the bar admission rule itself, the state court had merely acted "legislatively" and a challenge to the constitutionality of that rule was permissible because it did not require the review of a state court judgment by a federal court. *Exxon-Mobil*, 544 U.S. at 286, citing, *Feldman*, 460 U.S. at 486.

Here, the facts are slightly different than the typical case to which the *Rooker-Feldman* doctrine is applied because, technically, no suit was actually filed in the Macomb County Circuit Court, given the rejections. However, plaintiff's complaint is essentially the same: he asks this Court to review whether the state court properly or improperly rejected his complaint, which is inherently a "judicial" action. This conclusion is further illustrated by defendants' request that this Court to find that the state court properly rejected plaintiff's complaint and in

plaintiff's response to the motion to dismiss where he complains that the Macomb County Circuit Court did not properly apply or interpret the Michigan Court Rules. (Dkt. # 9, and # 12, pp. 2-3). Unlike the *Feldman* plaintiffs, plaintiff does not assert that any rules or statutes so applied are unconstitutional.

The Western District of Michigan was recently presented with a similar factual circumstance in *Carney v. Christiansen*, 422 F.Supp.2d 841 (W.D. Mich 2006). In *Carney*, the prisoner-plaintiff filed a civil action in the Ingham County Circuit Court seeking reimbursement for a coat that was lost during his incarceration at the Ionia Correctional Facility. The action was dismissed because the plaintiff failed to comply with a state procedural rule requiring him to disclose the number of civil actions and appeals that he had previously initiated. *Id*. at 843, citing, M.C.L. 600.5507(2). The plaintiff attempted to re-file his suit in the Ingham County Circuit Court, but his pleadings were returned because he failed to pay the outstanding fees and costs he incurred in filing his original claim. *Id*., citing, M.C.L. 600.2963(8).

A few months later, the plaintiff claimed indigent status and attempted to file a "judicial review petition" in the Ingham County Circuit Court to contest a major misconduct ticket. The plaintiff's pleadings were again returned to him because a prisoner is prohibited, under Michigan law, from claiming indigent status when

filing a civil action where the prisoner owes outstanding court fees and costs. *Id*. The plaintiff then sought to file his "judicial review petition" in the Baraga Circuit Court, again claiming indigent status. *Id*. The Baraga Circuit Court denied the plaintiff's fee waiver application, concluding that he would not be allowed to avoid his obligation under § 2963(8) to pay outstanding courts fees to the Ingham County Circuit Court merely by switching forums. *Id*. The plaintiff did not appeal this order, but rather, he filed an action in the federal district court, alleging that the Baraga County Circuit Court denied the plaintiff "access to the court solely due to his poverty based on a statute that is unconstitutional on its face and as applied." *Id*.

The Magistrate Judge opined in *Carney* that the *Rooker-Feldman* doctrine barred the plaintiff's claim. The District Court agreed, rejecting the plaintiff's argument that the doctrine did not apply because he was not a "losing party" in state court. *Id*. The plaintiff asserted that "[t]here is no way to lose a case when there was never a case," and that was why he "never sought relief in the Michigan Court of Appeals." *Id*. The plaintiff further argued that his case was not about "an issue of whether the state court's 'ruling' on the merits is wrong, but that he was 'denied access to the state courts.'" *Id*.

12

The *Carney* court concluded that the plaintiff was in fact "a losing party in state court because he received an adverse ruling from the Baraga Circuit Court on his request to claim indigent status in order to file his petition in that court." *Id*. And, rather than seeking review of the order denying his motion for waiver of fees in the Michigan Court of Appeals, the plaintiff sought relief from the state court order in a federal district court. *Id.* The *Carney* court therefore concluded: "[t]his, the *Rooker-Feldman* doctrine prohibits." *Id*.

Likewise, it is inescapable that plaintiff improperly asks this Court to review the actions of the Macomb County Circuit Court. Labeling his claim as one for "denial-of-access," just as in *Carney*, does not change this conclusion. As the Sixth Circuit has explained, where "federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Howard v. Whitbeck*, 382 F.3d 633, 639 (6th Cir. 2004), quoting, *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring). Here, plaintiff cannot obtain relief unless this Court determines that the Macomb County Circuit Court acted inappropriately. "This, the *Rooker-Feldman* doctrine prohibits." *See Carney, supra*. Thus, while defendants' Motion to Dismiss should be denied as it likewise improperly asks this Court to review the propriety of the

state court's actions, plaintiff's complaint should still be dismissed because this Court lacks subject matter jurisdiction.

C.      Dismissal Pursuant to 28 U.S.C. § 1915(g).

In the interest of completeness, this matter should also be dismissed pursuant to 28 U.S.C. 1915(g). As set forth above, plaintiff is a prisoner in the custody of the United States and filed this civil complaint alleging that defendants violated his constitutional right to access the courts. Civil litigants are normally obligated to pay a filing fee when a complaint is filed but § 1915(a) allows a court to authorize the waiver of such fees based on a showing that the party is "unable to pay such fees or give security therefor." Plaintiff sought relief from the payment of normal filing fees under § 1915(a) and was initially granted that relief *ex parte*. (Dkt. # 3).

The Prison Litigation Reform Act (PLRA) states in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[5]  Dismissal is proper "under the provisions of 28 U.S.C. § 1915(g) of the . . . [PLRA], which precludes the filing of in forma pauperis (IFP) civil actions by a prisoner who has had similar petitions dismissed as frivolous on three or more prior occasions."  *Wilson v. Yaklich*, 148 F.3d 596, 599 (6th Cir. 1998).  The plain language of the statute indicates that a prisoner is barred from *bringing* an action with pauper status if he *previously* had three or more actions dismissed on the grounds stated in § 1915(g).  "This 'three strikes' provision of the [PLRA] is not an affirmative defense.  It may be raised by a federal court sua sponte."  *Bowker v. United States*, 2006 W.L. 2990519, *3 (N.D. Ohio 2006) (internal citation omitted), citing, *McFadden v. Parpan*, 16 F.Supp.2d 246, 247 (E.D.N.Y. 1998); *Wilson v. 52nd District Court*, 2002 W.L. 1009561, *1 (E.D. Mich. 2002); *Witzke v. Hiller*, 966 F.Supp. 538, 539 (E.D. Mich. 1997).

On initial review, it did not appear that plaintiff had previously filed any lawsuits that were dismissed as frivolous or which failed to state a claim.  On further examination, it is quite apparent that plaintiff has far more than three cases dismissed either for failure to state a claim or because the claims were found frivolous.  Indeed, at least 11 lawsuits filed by plaintiff have been found to be

---

[5] There is no allegation that plaintiff is under imminent danger, therefore, that exception to the three "strikes" rule does not apply in these circumstances.

entirely frivolous or have failed to state any claim, as recently noted by the Chief Judge of the United States District Court for the Southern District of Indiana:

1. *Ibrahim v. Bergstein*, Case No. 92-00810 (D. D.C., June 23, 1992), complaint dismissed as frivolous and malicious;

2. *Ibrahim v. Edwards*, Case No. 91-43 (W.D. Tex., October 10, 1991), complaint dismissed as frivolous;

3. *Ibrahim v. United States, et al.*, Case No. 90-02579 (D. D.C., Oct. 18, 1990), complaint dismissed as frivolous;

4. *Ibrahim v. United States of America, et al.*, Case No. 98-5387 (3d Cir., February 22, 1999), complaint dismissed as frivolous;

5. *Ibrahim v. United States of America, et al.*, Case No. 98-00417 (D. Del. July 16, 1998), action dismissed for failure to state a claim on which relief can be granted;

6. *Ibrahim v. United States of America, et al.*, Case No. 98-7317 (3d Cir., August 10, 1998), action dismissed under 28 U.S.C. § 1915(e)(2)(B);

7. *Ibrahim v. United States of America*, Case No. 98-00238 (D. Del., May 1, 1998), complaint dismissed for failure to state a claim on which relief can be granted;

8. *Ibrahim v. U.S. District Court, et al.*, Case No. 93-0060 (D. D.C., March 4, 1993), complaint dismissed as frivolous;

9. *Ibrahim v. District of Columbia Dep't of Corrections, et al.*, Case No. 93-0002 (D. D.C., March 4, 1993), complaint dismissed as frivolous;

10. *Anderson v. U.S. Attorney's Office, et al.*, Case No. 91-02262 (D. D.C., January 11, 1993), complaint dismissed for failure to state a claim on which relief could be granted; and

11. *Ibrahim v. Administrative Office, et al.*, Case No. 92-01201 (D. D.C., June 16, 1992), complaint dismissed as frivolous. *See Ibrahim v. Gonzalez*, Case No. 07-164 (Dkt. # 3) (S.D. Ind. August 9, 2007 Order, Chief District Judge Larry J. McKinney).[6]

Based on the foregoing, plaintiff has at least 11 strikes under § 1915(g) and thus, he may not proceed *in forma pauperis* unless he is in "imminent danger." Plaintiff makes no allegations of "imminent danger" in his complaint. (Dkt. # 1). Therefore, because plaintiff does not fall within the exception, he should not have been granted *in forma pauperis* status pursuant to the "three strikes" provision of § 1915(g).

---

[6] Again, the prisoner number on Judge McKinney's order is listed as 08587007, the same as plaintiff's in this matter. *Id*. at 2.

## IV. RECOMMENDATION

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that defendants' Motion to Dismiss be **DENIED** but that, because this Court has no subject matter jurisdiction over the claims set forth in plaintiff's complaint, it should be **DISMISSED**. This dismissal, however, will have no effect on plaintiff's ability to seek relief in the appropriate state court forum on the underlying claims, and the undersigned does not speculate on the merits of any such claims or defenses thereto. **IT IS FURTHER RECOMMENDED** that the prior *ex parte* decision of the Court granting plaintiff's *in forma pauperis* status under § 1915(a) be **REVOKED** and that this matter also be **DISMISSED** pursuant to the "three strikes" rule set forth in § 1915(g).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. L.R. 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity will not preserve all the

objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served on this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed twenty (20) pages in length unless such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

|  |  |
|---|---|
| Date:  March 18, 2008 | s/Michael Hluchaniuk<br>United States Magistrate Judge |

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Sharon A. DeWaele, MI Dept of Atty General, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Jibril Ibrahim, #08587007, FCI - Terre Haute, Inmate Mail/Parcels, P.O. Box 33, Terre Haute, IN 47808

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov