UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIBRIL L. IBRAHIM,
inmate no. 08587007,

       Plaintiff,

vs.

MACOMB COUNTY GOVERNMENT
AND BOARD OF COMMISSIONERS,

       Defendants.
_____/

Civil Action No.
07-CV-13528

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is presently before the court on defendants' motion to dismiss [docket entry 9]. Plaintiff has filed a response. The motion was referred to Magistrate Judge Michael Hluchaniuk who, in a report and recommendation filed March 18, 2008, recommends that the motion be denied but that the court dismiss the complaint *sua sponte*. Plaintiff has filed objections and defendants have responded.

The magistrate judge argues that *sua sponte* dismissal is warranted on two grounds. First, he suggests that under the Rooker-Feldman doctrine the court lacks subject matter jurisdiction and that dismissal is therefore appropriate pursuant to Fed. R. Civ. P. 12(h)(3). As the Sixth Circuit explained in *Stemler v. Florence*, 350 F.3d 578, 588-89 (6th Cir. 2003),

> The doctrine gets its name from two Supreme Court cases. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), held that the power to hear appeals from state court judgments is exclusively held by the United States Supreme Court. The Supreme Court held in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), that federal district

courts do not have jurisdiction to hear challenges to certain state-court decisions. The Rooker-Feldman doctrine states that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. Berkley*, 305 F.3d 386, 390 (6th Cir.2002). In defining "inextricably intertwined," we have adopted the reasoning that:

> [t]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Id.* at 391 (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998)).

Further,

> The purpose of the doctrine is to prevent "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Tropf*, 289 F.3d at 936-37 (*quoting Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)).
> The Rooker-Feldman doctrine bars district courts from hearing both challenges to state court judgments and claims that are "inextricably intertwined" with state court judgments. *See Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998). "In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction."

*Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003).

The court is not persuaded that the Rooker-Feldman doctrine applies in this case. As the above-quoted passages indicate, the doctrine prevents challenges to state court judgments. *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (noting that the

2

doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). There is no state court judgment in this case. Rather, plaintiff alleges that defendants interfered with his right of access to the courts by refusing to file his complaint for various technical reasons (i.e., failing to pay the filing fee, failing to assign a case code, failing to indicate whether prior actions exist, failing to include the word "complaint" in the caption, etc.). Plaintiff alleges that employees of the state court clerk's office rejected his state court complaint for filing. He does not allege that any judicial decision to this effect was ever made. Under these circumstances, the Rooker-Feldman doctrine does not appear to apply.[1]

Nonetheless, dismissal of the complaint is clearly proper under the second grounds suggested by the magistrate judge. The magistrate judge notes that at least eleven lawsuits filed by plaintiff in various federal district courts have been dismissed for being frivolous or malicious or for failing to state a claim. Under 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* if he has had three or more such cases "unless the prisoner is under imminent danger of serious physical injury." Plaintiff alleges no such injury in his complaint or in his application for leave to proceed *in forma pauperis*. In his objections to the magistrate judge's report and

---

[1]Two cases cited by the magistrate judge are not to the contrary. In *Howard v. Whitbeck*, 382 F.3d 633, 641 (6th Cir. 2004), the Sixth Circuit held that the Rooker-Feldman doctrine prevented plaintiff from challenging a state court judge's denial of his motion to waive fees, "as to reach that question would be to sit in review of the Michigan courts . . ." Likewise, in *Carney v. Christiansen*, 422 F. Supp.2d 841, 844 (W.D. Mich. 2006), the court held that the Rooker-Feldman doctrine prevented plaintiff from challenging a state court judge's denial of his motion for waiver of fees; the court held it lacked jurisdiction to entertain plaintiff's "attempt[] to obtain relief against Judge Hood's order in a federal district court." In both cases plaintiffs sought, in effect, direct review of a state court order. In the present case there is no such order, but only a rejection of plaintiff's pleadings by state court clerk's office employees.

3

recommendation, plaintiff claims that he has hepatitis, "a life threatening injury not being treated by the Bureau of Prisons at the time of this case." However, plaintiff does not allege in his *in forma pauperis* application that he is under any imminent danger, nor does he argue now that the issues raised in the complaint in this matter (i.e., plaintiff's alleged right to file a state court complaint asserting fraud and breach of contract claims against a publishing company) have anything to do with his health condition. Plaintiff therefore fails to come within the "imminent danger of serious physical injury" exception.

Finally, plaintiff argues that § 1915(g) is unconstitutional because "it creates a Bill of Attainder, compels the abrogation and relinquishment of civil and common law rights, encroaches upon the province of the District Courts to exercise inherent discretion, fails to define 'imminent danger of serious injury' and, requires dismissal (sua sponte) without a trial as to harm or injury to litigants." The Sixth Circuit has specifically rejected all of these arguments. *See Wilson v. Yaklich*, 148 F.3d 596, 604-606 (6th Cir.1998). Accordingly,

IT IS ORDERED that Magistrate Judge Hluchaniuk's report and recommendation is hereby accepted except insofar as it recommends dismissal of the complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.

IT IS FURTHER ORDERED that defendants' motion to dismiss [docket entry 9] is denied.

IT IS FURTHER ORDERED that plaintiff's *in forma pauperis* status is revoked and

4

the complaint is dismissed, without prejudice, under the "three strikes" provision of 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that any appeal in this matter would be frivolous and not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

                                                      s/Bernard A. Friedman_____
                                                      BERNARD A. FRIEDMAN
                                                      CHIEF UNITED STATES DISTRICT JUDGE

Dated:  April 2, 2008
       Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman